**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ebony Ryan,

        Plaintiff,

v.

EnerMech Mechanical Services Incorporated,

        Defendant.

No. CV-25-03478-PHX-DWL

**ORDER**

In this action, *pro se* Plaintiff has asserted various claims for employment discrimination. (Doc. 1.) In the scheduling order issued on March 9, 2026, the Court set forth a specific procedure for raising discovery disputes:

> The parties shall not file written discovery motions without leave of the Court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed three pages per side, explaining the position taken by each party, and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation.

(Doc. 27 at 4-5.) The scheduling order further clarifies that "[d]iscovery dispute filings that do not conform to the procedures outlined in this paragraph . . . may be summarily stricken." (*Id.* at 4 n.2.)

On July 22, 2026, Plaintiff filed four documents: (1) a "unilateral discovery-dispute summary and request for leave to serve seven narrowed additional interrogatories" (Doc. 35); (2) a proposed order granting this request (Doc. 34); (3) a notice of errata indicating that the proposed order should have been filed as an attachment to the unilateral discovery-dispute summary (Doc. 36); and (4) a refiled version of the unilateral discovery-dispute summary (Doc. 37).

Plaintiff's unilateral discovery-dispute summary is improper because it fails to conform to the procedure outlined in the scheduling order—it is not a joint summary and does not set forth each side's position as to the disputed issue. Although Plaintiff asks the Court to "accept" her unilateral submission and "direct Defendant to file its position" (Doc. 35 at 2), that is not how the discovery-dispute process works. Plaintiff must first attempt to meet and confer with Defendant in good faith regarding the disputed issue, and if the parties are unable to resolve their dispute after that good-faith consultation, they must then work together to prepare a joint filing that sets forth their respective positions and otherwise conforms to the procedure outlined in the scheduling order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for unilateral discovery-dispute resolution (Doc. 35) is **summarily denied**.

Dated this 24th day of July, 2026.

Dominic W. Lanza
United States District Judge

- 2 -